1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | Andre Miguel Washington,

12 | Petitioner,

13 | vs.

14 | Jeanne S. Woodford, et al.,

15 | Respondents.

CASE NO. 05cv1854 BTM (PCL)

**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION, DENYING MOTION TO DISMISS PETITION, SETTING DEADLINES AND REMANDING TO MAGISTRATE FOR FURTHER PROCEEDINGS**

16      On September 13, 2005, Petitioner, a state prisoner proceeding pro se, filed a Petition

17 for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  He subsequently filed

18 an amended petition on November 29, 2005 alleging ineffective assistance of trial counsel

19 as the sole ground for relief.  In particular, Petitioner complained that counsel had failed to

20 conduct a pre-trial investigation, failed to admit evidence at trial that proved his innocence,

21 and failed to allow Petitioner to testify at trial.  Respondents filed a motion to dismiss the

22 Petition for failure to exhaust state judicial remedies on January 23, 2006.  Petitioner did not

23 file any opposition to the motion.  On June 5, 2006, Magistrate Judge Lewis filed a Report

24 and Recommendation recommending that Respondent's motion to dismiss for failure to

25 exhaust state judicial remedies be granted.  Petitioner filed Objections to the Report and

26 Recommendation on September 5, 2006 indicating that he had met the exhaustion

27 requirement by his filing on November 30, 2005 of a Petition for Writ of Habeas Corpus with

28 the California Supreme Court alleging the same ineffective assistance of counsel ground.

05CV1854

Petitioner did, however, indicate that the California Supreme Court had not issued any decision on the matter.  Apparently unbeknownst to Petitioner at the time of filing his objections, the California Supreme Court had issued a decision denying his Petition for Writ of Habeas Corpus on August 23, 2006.

The Report and Recommendation was correct that Petitioner had failed to exhaust his state judicial remedies as of the time of its filing and, therefore, dismissal of the Petition would be required.  However, due to the subsequent entry of a final judgment in Petitioner's state court habeas petition action, exhaustion is now complete.  Accordingly, the Court **DECLINES TO ADOPT** the Report and Recommendation and Respondent's motion to dismiss the Petition for failure to exhaust state judicial remedies is **DENIED**.

Respondents are ordered to file an answer to Petition within 45 days of entry of this order.  Petitioner shall file any traverse within 45 days of the filing of Respondent's answer. The Court **REMANDS** this case to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

DATED:  September 26, 2006

Hon. Barry Ted Moskowitz
United States District Judge

2

05CV1854