

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**ANDRE MIGUEL WASHINGTON**

Petitioner,

**v.**

**JEANNE S. WOODFORD, Director,**

Respondent.

CASE NO. 05cv1854 BTM (PCL)

**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**FEDERAL PROCEEDINGS**

On September 13, 2005, Andre Miguel Washington ("Petitioner"), a state prisoner currently incarcerated at San Diego Central Jail, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  Jeanne S. Woodford ("Respondent") filed an answer to the petition, and Lodged portions of the state court record.  (Doc. No. 27.)  Petitioner did not file a traverse.

After careful consideration of the record and the applicable law, the Court recommends that Petitioner's application for habeas corpus relief be DENIED.

///

///

///

1

## II.

## STATE PROCEEDINGS

On November 12, 2002, The San Diego District Attorney charged Petitioner in an information with one count of carrying a concealed dirk or dagger, in violation of California Penal Code § 12020(a)(4)[1] (count one), one count of resisting an executive officer from performing a duty, in violation of Penal Code § 69 (count two), and finally, one count of a misdemeanor harm to or interference with a police animal, in violation of Penal Code § 600(a) (count three).  (Lodg. 1 at 6-9.)  It was further alleged that Petitioner was previously convicted of, and had served, two prior prison terms (Penal Code §§ 667(b) and 668) and suffered a prior strike, pursuant to Penal Code § 667(b) through (I), 1170.12 and 668.  (Id.) Petitioner pleaded not guilty and denied the special allegations.  (Id. at 187.)

On June 19, 2003, the trial court found two separate prison term allegations as well as a prior strike conviction allegation to be true. (Lodg. 1 at 208.)  On June 22, 2003, the trial court denied Petitioner's motion to strike the prior strike conviction. (Id. at 213.)

On June 23, 2003, after a bifurcated jury trial, a jury acquitted Petitioner of carrying a concealed dirk or dagger (count one), but found Petitioner guilty of resisting an executive officer from performing a duty (count two) and harming or interfering with a police animal (count three).  (Lodg. 1 at 154-56.) The court sentenced Petitioner to a middle term of four years on count two (resisting an executive officer), with an additional one year for each of the prior prison terms, for a total of six years.  (Id. at 213.)  The court sentenced Petitioner to 342 days for count three (misdemeanor harm or interference with a police animal), concurrent with count two.  (Id.)

On July 30, 2003, Petitioner filed a notice of appeal to the California Court of Appeal, Fourth Appellate District, Division One. (Lodg. 1 at 181.)  Petitioner raised four claims on appeal: (1) the trial court erred in admitting the evidence of testimony from seven police officers and one civilian ride-along because it constituted prejudicial error; (2) The trial court committed prejudicial error by giving an instruction on flight; (3) The prosecutor engaged in misconduct by asserting her personal belief regarding the guilt of Petitioner; and (4) the trial court abused its discretion in denying Petitioner's motion to strike a prior conviction in furtherance of justice.  (Lodg. 3 at 8.)  The California Court of

---

[1]Hereinafter, all references to Codes shall be referencing the California Penal Code.

1   Appeal ("Court of Appeal") affirmed the Superior Court's judgment.  (Lodg. 5 at 1.)  Petitioner filed a

2   petition for review with the California Supreme Court raising the same claims as raised before the Court

3   of Appeal.  (Lodg. 6.)  On September 15, 2004, the California Supreme Court denied the petition.

4   (Lodg. 7.)

5       On September 13, 2005, Petitioner filed a *pro se* petition for writ of habeas corpus in the Central

6   District of California.  (Pet. at 1.)  On September 26, 2005, the Central District transferred the petition to

7   the Southern District because a habeas petition must be filed either in the district where Petitioner was

8   convicted or the district where the Petitioner is in custody, because both of these places are located in

9   San Diego, it was proper to transfer the petition.  (Id.)

10      On October 4, 2005, the District court granted Petitioner's request to proceed *in forma pauperis*

11  and dismissed the action without prejudice and with leave to amend because Petitioner failed to allege

12  exhaustion of state judicial remedies.  (Doc. No. 3.)  Petitioner was ordered to submit an amended

13  Petition alleging exhaustion of state judicial remedies by November 28, 2005.  (Id.)

14      On November 30, 2005, Petitioner filed a first amended petition for writ of habeas corpus to the

15  Supreme Court of California, alleging ineffective assistance of trial counsel as the sole ground for relief.

16  (Lodg. 8.)[2]

17      On December 20, 2005, this Court filed an order requiring response to the petition and ordered

18  respondent to file a motion to dismiss by January 23, 2006 and opposition by February 13, 2006.  (Doc.

19  No. 9.)  Respondent timely filed a motion to dismiss for failure to exhaust state judicial remedies. (Docs.

20  Nos. 10-12.)  Petitioner did not file any opposition to the motion.

21      On June 5, 2006, Magistrate Judge Peter C. Lewis, filed a Report and Recommendation

22  recommending that Respondent's motion to dismiss for failure to exhaust state judicial remedies be

23  granted.  (Doc. No. 17.)  On August 18, 2006, the District Court ordered an extension of time for

24  Petitioner to file an objection to the Report and Recommendation, which was previously due July 3,

25  2006.  (Doc. No. 22.)  On September 5, 2006, Petitioner filed an objection to the Report and

26  Recommendation indicating that he had met the exhaustion requirement by filing a petition for writ of

27

28

[2] Despite the November 28, 2005 deadline, the District Court accepted Petitioner's request on November 21, 2005 for an extension of time to file the amended Petition.  (Doc. No. 7.)

3                                                                    05cv1854

habeas corpus with the California Supreme Court on November 30, 2005, alleging the same ineffective assistance of counsel ground.  (Doc. No. 23.)

On September 26, 2006, the District Court denied this Court's Report and Recommendation.  (Doc. No. 24.)  The District Court found that even though state judicial remedies had not been exhausted at the time of the issuance of the Report and Recommendation, the fact that such remedies were now exhausted compelled the Court to deny Respondent's motion to dismiss.  (Id.)  The Court remanded the case back to Magistrate Judge Peter C. Lewis for further proceedings.  (Id.)

**III.**

**<u>UNDERLYING FACTS</u>**

The following statement of facts is taken from the California Court of Appeal, Fourth Appellate District, Division One opinion in <u>People v. Andre Miguel Washington</u>, No. D042627 (Cal. Ct. App. July 01, 2004).  (Lodg. 5.)  This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C.A. § 2254(e)(1) (West. Supp. 2007).  <u>See also</u> <u>Sumner v. Mata</u>, 449 U.S. 539, 545-47 (1981) (stating that deference is owed to factual findings of both state trial and appellate courts).

On October 12, 2002, police officers responded to a report of a man and woman fighting in public. The man, later identified as Washington, was agitated and arguing with a woman who was a short distance away. Washington was wearing a long, baggy shirt. The officer asked if he had any weapons and Washington admitted he had a knife.  The officer removed the knife from the sheath worn by Washington and attempted to arrest him for carrying a concealed weapon. Washington struggled with the officer and refused to comply with his instructions. Other officers tried to assist but Washington was able to get away. One of the officers broke a bone in his finger as a result of the struggle.  Washington ran in the direction of oncoming traffic with the officers in pursuit.

Washington jumped over a fence and was momentarily out of police sight.  The officers set up a perimeter of the area and noticed Washington running across a football field. Washington held two large rocks and paced back and forth, as if ready to assault police if they tried to apprehend him.  The officers ordered him at gunpoint to drop the rocks.  They used pepper spray on him, which seemed to have no effect.  Even after being warned a police dog would be used to bite him, Washington laughed and continued to ignore police commands.  The officers used the dog to bite Washington and get him on the ground.  Washington repeatedly hit the dog in the snout with the rock and did not respond to police commands even when one of the officers began hitting Washington in the arm

4

05cv1854

with a flashlight.  The officers released the dog from biting Washington and he dropped the rock but continued to fight the officers. Several officers were needed to finally subdue Washington and put him in the patrol car.

Inside the patrol car, Washington kicked the rear passenger window, causing the glass to come off its track.  The officers again used pepper spray but Washington continued to fight and kick.  Eventually, the officers were able to restrain him with handcuffs.

The officers took Washington to the hospital for treatment of his dog bite.  Washington again struggled with the officers, who required the help of several hospital staff members, as they tried to take him from the hospital to jail.

(Lodg. 5 at 2-3.)

## IV.

## PETITIONER'S CLAIMS

Two issues are raised in the current habeas petition:

1.    Whether Petitioner was denied effective assistance of counsel as guaranteed by the Sixth Amendment, by virtue of trial counsel's failure to acquire evidence to strengthen Petitioner's defense, as well as counsel's unsuccessful attempt to object to the prosecution's allegedly improper closing remarks.

2.    Whether the prosecutor committed misconduct by withholding evidence, thereby violating Petitioner's right to due process under the Fifth Amendment of the U.S. Constitution.

## V.

## STANDARD OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2007.)

The present Petition was filed after the President signed into law the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C. § 2254(d), as amended by AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West Supp. 2007).

A state court's decision may be found to be "contrary to" clearly established United States Supreme Court ("Supreme Court") precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision may involve an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or, "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . Rather, that application must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotation marks and citations omitted). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions." Williams, 529 U.S. at 412.

Finally, habeas relief is also available if the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C.A. § 2254(d)(2) (West Supp. 2007). In order to satisfy this provision, Petitioner must demonstrate that the factual findings upon which the state court's adjudication of his claim rests are objectively unreasonable, assuming it rests on a factual determination. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). This Court will presume the state court's factual findings are

1   correct, and Petitioner may overcome that presumption only by clear and convincing evidence.  28

2   U.S.C.A. § 2254(e)(1) (West Supp. 2007).

3       In the event there is no reasoned decision from the state's highest court, the Court "looks through"

4   to the underlying appellate court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 801-806 (1991).  If the

5   dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must

6   conduct an independent review of the record to determine whether the state court's decision is contrary

7   to, or an unreasonable application of, clearly established Supreme Court law.  See Delgado v. Lewis,

8   223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer, 538 U.S. at 75-76); Himes

9   v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  However, a state court need not cite Supreme Court

10  precedent when resolving a habeas corpus claim because "so long as neither the reasoning nor the result

11  of the state-court decision contradicts [Supreme Court precedent]" the state court decision will not be

12  "contrary to" clearly established federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

13  **VI.**

14  **DISCUSSION**

15  **A.   Petitioner is NOT Entitled to Habeas Relief on the Bases of Claims One and Two**

16      *1. Ineffective Assistance of Trial Counsel*

17      Petitioner raises two claims of trial counsel ("Counsel") error in his first and second ground for

18  relief.[3]  Firstly, Petitioner alleges his Counsel, Ms. Zimmerman, failed him because Counsel did not

19  "acquire...supporting evidence to strengthen [Petitioner's] position of innocents [sic] ...such as hospital

20  video, witnesses, or medical records."  (Pet. at 5.)  Petitioner also claims that Counsel was ineffective

21  because she failed to make additional objections to the prosecution's closing remarks.  (Id.)  Respondent

22  contends that such claims must be rejected because Petitioner is unable to demonstrate that Counsel's

23  performance was deficient or that it prejudiced his right to a fair trial within the meaning of the Sixth

24  Amendment.  (Ans. at 9.)

25  //

26  //

27

28      [3]Petitioner states two grounds meriting habeas corpus relief, but both grounds amount to the same claim, namely ineffective assistance of counsel.  Thus, both claims will be treated as raising one ground for relief.

7

*2. Analysis*

The clearly established Supreme Court law regarding ineffective assistance of counsel claims is governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>See</u> <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1323 (9th Cir. 1996)(stating that <u>Strickland</u> "has long been clearly established federal law determined by the Supreme Court of the United States").   The "appropriate inquiry focuses on the adversarial process, not on the accused's relationship as such...if counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance."  <u>U.S. v. Cronic</u>, 466 U.S. 648, 657 n.21 (1984).  <u>Strickland</u> sets forth two elements that Petitioner must meet to demonstrate that his assistance of counsel was so defective it requires reversal of his conviction.

Under the first prong of the <u>Strickland</u> test, Petitioner must show that counsel's performance was deficient.  <u>Strickland</u>, 466 U.S. at 687.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  <u>Id.</u>  Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'."  <u>Id.</u> at 689.   "The relevant inquiry is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable."  <u>Babbitt v. Calderon</u>, 151 F. 3d 1170, 1173 (9th Cir. 1998) (citing <u>Siripongs v. Calderon</u>, 133 F. 3d 732, 736 (9th Cir. 1998).

Under the second prong of <u>Strickland</u>, Petitioner must show counsel's deficient performance prejudiced the defense.  <u>Id.</u> at 687.  This requires showing that counsel's errors were so serious they deprived petitioner "of a fair trial, a trial whose result is reliable."  <u>Id.</u>  To satisfy the prejudice prong, Petitioner must demonstrate a reasonable probability that the result of the proceeding would have been different absent the error.  <u>Id.</u> at 694; <u>Williams</u>, 529 U.S. at 406.  The prejudice inquiry is to be considered in light of the strength of the prosecution's case.  <u>Luna v. Cambra</u>, 306 F. 3d 954, 966 (9th Cir. 2002), <u>amended</u>, 311 F.3d 928 (9th Cir. 2002).  Finally, the Court need not address both the deficiency prong and the prejudice prong if Petitioner fails to make a sufficient showing of either one.  <u>Strickland</u>, 466 U.S. at 697.

In support of Petitioner's claim that Counsel's performance was deficient, the first prong of <u>Strickland</u>, Petitioner points to Counsel's failure to "follow up" in acquiring evidence to support his defense.  (Pet. at 5.)  The Supreme Court has held that "there is a strong presumption that Counsel's

1  performance fell within the wide range of professional assistance." <u>Kimmelman v. Morrison</u>, 477 U.S.

2  365, 381 (1986) (quoting <u>Strickland</u>, 466 U.S. at 689).  Petitioner claims that hospital video, records,

3  and witnesses would have supported his defense, however, Petitioner fails to state how such evidence

4  would be probative as to whether Petitioner unlawfully resisted an executive officer (count two) or

5  unlawfully harmed/interfered with a police animal (count three).  As Respondent points out, the charges

6  Petitioner was convicted of occurred *before* Petitioner was taken to the hospital for injuries stemming

7  from the altercation.  (Ans. at 11.)  It is difficult to see how medical records, video, or personnel could

8  meaningfully comment on whether or not Petitioner had resisted officers or harmed/interfered with a

9  police animal.  At most, such evidence would demonstrate the *extent* of Petitioners injuries relating from

10  the altercation, however injuries are irrelevant to the legal sufficiency of the two convictions because

11  such injuries could have been sustained irrespective of whether or not Petitioner resisted officers or

12  harmed a police dog.

13      Petitioner also claims that Counsel was deficient because she did not sufficiently object to the

14  prosecutor's closing statement.  Petitioner raised the claim at the lower court that the prosecutor

15  engaged in misconduct by asserting her personal belief that Petitioner was guilty of resisting arrest.

16  (Lodg. 5 at 10.)  In her closing argument the prosecutor argued on rebuttal:

17      "The bottom line here is that these type of laws, these laws involving police officers,
18      the resisting arrests by force or violence or just the resisting arrest, these laws are designed
19      to protect our police officers. Our police shouldn't have to deal with a bad attitude like the
        defendant.  They shouldn't have to deal with that.  And that's why these laws are designed.
20      They shouldn't have to risk their life to deal with someone like him."

21  (Lodg. 5 at 10-11.)

22      The Court of Appeal found that:

23      "The prosecutor was responding appropriately to defense counsel's argument that
24      Washington had not committed a crime but merely had a bad attitude. The prosecutor
        commented on the underlying purpose of the law punishing resisting arrest, and fairly
25      commented on the state of the evidence. (citing <u>People v. Mayfield</u>, 5 Cal.4th 142, 178
26      (1993)).  In this regard, the prosecutor properly argued rational inferences from the
        evidence and did not vouch personally for the appropriateness of the verdict she urged"
27      (citing <u>People v. Benson</u>, 52 Cal. 3d 754, 794-95 (1990)).

28  (Lodg. 5 at 12.)

05cv1854

Thus, as a threshold manner, the Court of Appeal found that the prosecutor acted properly and within her professional discretion in making her closing remarks.  However, even if such remarks were deemed improper, Petitioner's counsel did indeed object to the argument the police officers "shouldn't have to risk their life to deal with someone like [Petitioner]" on the ground that the prosecutor was improperly stating her personal belief that Petitioner was guilty of resisting arrest.  (Lodg. 2 at 544.)  The court, however, overruled the objection. (Id.)  Petitioner simply has not shown that the prosecutor's closing remarks were improper, much less constitutionally impermissible.  Thus, Petitioner has failed to demonstrate how Counsel's performance was deficient by failing to *further* object to permissible arguments.

In conclusion, Petitioner has failed to demonstrate that Counsel acted deficiently by declining to acquire additional evidence from the hospital and by unsuccessfully objecting to the prosecutor's closing remarks.  Accordingly, because Petitioner has failed to meet the first prong of Strickland, the Court need not address the second  prong, "if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.  Counsel's performance was not deficient, therefore prejudice to Petitioner simply could not have resulted.  As such, the Court of Appeal's decision finding that the prosecutor did not abuse her discretion in making her closing remarks is not an "objectively unreasonable application of clearly established federal law."  Williams, 529 U.S. at 407.  For the foregoing reasons, these claims should be DENIED.

**B.    Petitioner is NOT Entitled to Habeas Relief on the Basis of Claim Three**

*1. Prosecutorial Misconduct*

Petitioner states in his third ground for habeas relief that the "prosecutor's witnesses and prosecution withheld evidence that could have shown that [Petitioner] was innocent of resisting an executive officer in their duty."  (Pet. at 6.)[4]  Petitioner did not raise his prosecutorial misconduct claim on direct appeal, and the state supreme court denied the claim on habeas review without citation or comment.  (Lodg. 7.)  As there is no reasoned state court opinion which discusses the claim, this Court

---

[4]Curiously, Respondent's answer focuses on rebutting Petitioner's "claim" that he was denied the right to testify at trial, however, the Court's inspection of the Petition fails to reveal any such claim made by Petitioner.

1  conducts an independent review of the record to determine whether the state court's summary denial of

2  the claim was an unreasonable application of clearly established federal law.  Himes, 336 F.3d at 853.

3      *2. Analysis*

4      The standard of review for prosecutorial misconduct in federal habeas cases is the "narrow one of

5  due process, and not the broad exercise of supervisory power."  Donnelly v. DeChristoforo, 416 U.S.

6  637, 642 (1974).  To prevail on a claim for prosecutorial misconduct, Petitioner must demonstrate that

7  the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due

8  process." Darden v. Wainwright, 477 U.S. 168, 181 (1986).  Moreover, even if an error of constitutional

9  magnitude is determined, it will be held harmless unless petitioner can show that it "had a substantial

10 and injurious effect or influence in determining the jury's verdict" or that it involved "a deliberate and

11 especially egregious error" or "combined with a pattern of prosecutorial misconduct, might so infect the

12 integrity of the proceeding" as to warrant habeas relief."  Brecht v. Abrahamson, 507 U.S. 619, 637-38

13 n. 9 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776, (1946)).

14     Petitioner contends that "the prosecutions witnesses and prosecution [willfully] withheld evidence

15 that could have shown that [Petitioner] was innocent of resisting an executive officer in their duty." (Pet.

16 at 6.)  In Brady v. Maryland, the Supreme Court held that "suppression by the prosecution of evidence

17 favorable to an accused upon request violates due process where the evidence is material either to guilt

18 or to punishment, irrespective of good faith or bad faith of the prosecution."  Brady v. Maryland, 373

19 U.S. 83, 87 (1963).  Petitioner has not shown that the prosecutor failed to provide him with exculpatory

20 material evidence in violation of Brady.  Petitioner does not cite to *any* specific facts, witnesses, or

21 materials that could have benefitted Petitioner. See, e.g., Wacht v. Cardwell, 604 F.2d 1245, 1246-47

22 (9th Cir. 1979) ("conclusory allegations which are not supported by a statement of specific facts do not

23 warrant habeas relief").  Thus, Petitioner's conclusory claim that lacks any factual detail or reference to

24 the record or to any other document, is insufficient to warrant habeas relief.  Accordingly, the claim for

25 relief on the basis of prosecutorial misconduct is DENIED.

26 //

27 //

28 //

   //

11

05cv1854

## VII.

## <u>CONCLUSION</u>

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation; and (2) directing that Judgement be entered DENYING the Petition.

IT IS ORDERED that, **no later than May 9, 2007**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  Any reply to Objections shall be filed **on or before May 23, 2007.**  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


DATED:  April 11, 2007

Peter C. Lewis
U.S. Magistrate Judge
United States District Court


cc: Honorable Barry Ted Moskowitz
    All parties

05cv1854